**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| JOSE ERICS CAMACHO; MAURO ANTONIO CAMACHO, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 12-70824 <br><br> Agency Nos.　　A088-107-323 <br>　　　　　　　　　A097-871-633 <br><br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 25, 2014[**]

Before:　　HAWKINS, TALLMAN, and NGUYEN, Circuit Judges

　　Jose Erics Camacho and Mauro Antonio Camacho, natives and citizens of El

Salvador, petition for review of two Board of Immigration Appeals' ("BIA")

orders dismissing their appeal from an immigration judge's decision denying their

applications for asylum and withholding of removal.　Our jurisdiction is governed

---

　　[*]　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

　　[**]　The panel unanimously concludes this case is suitable for decision without oral argument.　See Fed. R. App. P. 34(a)(2).

by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, including adverse credibility determinations. *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir. 2001). We deny in part and dismiss in part the petition for review.

The BIA addressed petitioners' contention that the REAL ID Act did not apply to their claims, and analyzed their claims under the pre-REAL ID standards. Thus, we reject petitioners' REAL ID Act arguments.

Jose testified he fears the FMLN and ARENA political parties in El Salvador and also fears gangs. Substantial evidence supports the agency's adverse credibility determination based on Jose's omission from his asylum application and declaration of his participation in FMLN demonstrations, and an incident in which ARENA members allegedly threatened his life. *See Zamanov v. Holder*, 649 F.3d 969, 973 (9th Cir. 2011) (adverse credibility finding supported where omissions from original application "went to core of [petitioner's] alleged fear of political persecution"). Jose's explanations do not compel the contrary result. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). Contrary to Jose's contention, the BIA did not find Jose failed to explain the omissions. In the absence of credible testimony, Jose's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

12-70824

Mauro testified gang members robbed and mistreated him, and that he fears harm by gangs if returned.  Substantial evidence supports the agency's finding that Mauro failed to establish a nexus between his past experiences and fear of future harm and a protected ground.  *See INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992); *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").  We lack jurisdiction to consider Mauro's contention regarding political neutrality because he failed to raise it before the BIA.  *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).  We reject Mauro's contention that the BIA applied the incorrect legal standard or otherwise improperly analyzed his claim.  Thus, Mauro's asylum and withholding of removal claims fail.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**